IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Eric Pepke,<br>    Petitioner, | )<br>)<br>) |
| v. | )   1:21cv7 (TSE/TCB) |
| R. Wilson,<br>    Respondent. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION

Eric Pepke, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging numerous errors at his trial and on appeal. [Dkt. No. 2 at 8-16]. Pepke then sought and was granted leave to file an amended petition in which he alleges only two claims — that he was denied access to the courts, and that his attorney was ineffective. [Dkt. No. 18 at 6-7]. Respondent filed a motion to dismiss and motion for summary judgment [Dkt. No. 21], with a brief in support, and provided Pepke with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Pepke has responded [Dkt. No. 22], and the matter is therefore ripe for adjudication. For the reasons stated below, respondent's motion to dismiss must be granted, and the amended petition dismissed.

### I. Background

On August 14, 2014, Pepke pleaded guilty, pursuant to a written plea agreement, to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) in the United States District Court for the Eastern District of North Carolina, Western Division ("sentencing court"). On May 4, 2016, the sentencing court sentenced him to 97 months in prison and a lifetime term of supervised release. United States v. Pepke, No. 5:15cr319 (E.D.N.C. May 24, 2019). The Fourth Circuit Court of Appeals affirmed his conviction on November 7, 2016. United States v. Pepke, 662 F. App'x 225 (4th Cir. 2016), cert. denied, 137 S. Ct. 1358 (2017). Pepke filed a

motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court and raised the following claims:

> (1) the image he pled guilty to receiving does not depict a minor engaging in sexually explicit conduct ("child pornography"); (2) his guilty plea was coerced; (3) he was deprived of effective assistance of counsel; (4) the prosecutor made false and prejudicial statements at Petitioner's arraignment and sentencing hearing; (5) Petitioner was prejudiced by judicial misconduct; (6) 18 U.S.C. § 2252, of which Petitioner was convicted, is unenforceable because it conflicts with the witness intimidation statute set forth in 18 U.S.C. § 1512; (7) 18 U.S.C. § 2252 conflicts with intellectual property laws; (8) Petitioner was denied access to legal materials and the courts in connection with his appeal and certiorari petition; (9) Petitioner was not apprised of his Miranda rights prior to indictment; (10) law enforcement officers illegally searched and seized information from Petitioner's computer; (11) Petitioner was held under excessive bail on state charges; (12) the court lacked jurisdiction to enter judgment; and (13) the cumulative effect of the violations constitutes a complete miscarriage of justice.

Pepke v. United States, Nos. 5:15cr319; 5:17cv631, 2018 U.S. Dist. LEXIS 225946, *3 (E.D.N.C. Oct. 31, 2018), adopted by, 2019 U.S. Dist. LEXIS 88467 (E.D.N.C. May 24, 2019), appeal dismissed, 785 F. App'x 156 (4th Cir. 2019), cert. denied, 141 S. Ct. 315 (2020).

The Magistrate Judge found Pepke's claims 1, 4, 10, and 12

> were raised in his pro se Anders brief filed with the Fourth Circuit. The Fourth Circuit rejected each of these claims, either on the merits or as barred by Petitioner's plea. Pepke, 662 Fed. Appx. at 227. "[I]t is well settled that [a petitioner] cannot 'circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion.'" United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009)). Petitioner is bound by the Fourth Circuit's decision and may not re-raise these claims on collateral review.

Pepke, 2018 U.S. Dist. LEXIS 225946, *3. The Magistrate Judge noted that the Fourth Circuit had found that Pepke's waiver of his right to appeal or collaterally attack his conviction or sentence was knowingly and voluntarily made, which rendered several Pepke's claims — Claim 5, "judicial misconduct; claims 6 and 7, conflict of laws; claim 9, lack of Miranda warnings;

claim 10, illegal search and seizure; and claim 11, excessive bail — "fall within the scope of the appeal waiver and are, therefore, barred by his valid waiver." Id. at *4.[1]

The Magistrate Judge found Claim 2, regarding the voluntariness of Pepke's plea, was also found to be without merit, id. at 5-10; dismissed Claim 3 alleging ineffective assistance of counsel id. at 11-13; that Claim 8, denial of access to the courts, was not cognizable in habeas, id. at 13-14; and held Claim 13 had no merit because Pepke had "failed to state any claims for which relief can be granted" and that therefore "there [was] no cumulative error resulting in a complete miscarriage of justice," and dismissed the claim. Id. at 14.

Pepke filed the instant § 2241 petition for writ of habeas corpus, which after amendment, alleges:

   I. Pepke was denied access to the courts [Dkt. No. 18 at 6];[2] and
   II. Ineffective assistance of counsel — Pepke's trial counsel did not discuss the appeal after sentencing and the delay of three months in appointing Pepke an appellate attorney aggravated the denial of Pepke's access to the courts and prevented him from filing a proper appeal, including his assertion of actual innocence. [Id. at 7].

## II. Relevant Undisputed Material Facts[3]

1. On December 21, 2017, Pepke moved to vacate his sentence in the sentencing court, pursuant to 28 U.S.C. § 2255. Pepke, No. 5:15cr319, Dkt. No. 48. Pepke's motion alleged unconstitutional misapplication of law, torture and written death threats, ineffective assistance of counsel, prosecutorial misconduct, judicial misconduct, conflict with witnesses, misprision of the

---

[1] The Magistrate Judge also found that Pepke had defaulted several claims raised in his § 2255 motion — the "claims asserting judicial misconduct (claim five), conflict of laws rendering 18 U.S.C. § 2252 unenforceable (claims six and seven), the lack of Miranda warnings (claim nine), and excessive bail (claim eleven) each could have been raised on direct appeal — and that he had not established cause and prejudice to excuse the default. Id. at *5.

[2] Pepke alleges in support of Claim I that he was denied phone calls with his attorney, that he was not provided access to his legal papers or the law library, that he developed cellulitis on his leg, and that he was charged more for mail than the community standard. [Dkt. No. 19 at 2–5].

[3] Pepke disputed the Respondent's assertion that he had not exhausted his administrative remedies with regard to several aspects of his claims, and provided documents. Respondent did not respond. Because the claims are not cognizable in habeas or need to be raised via a § 2255 petition in the sentencing court, those facts are not material to the pending motions and will not be addressed. The material facts set forth herein are all matters of record.

law, conflict with intellectual property law, denial of access to the courts, lack of <u>Miranda</u> warnings, illegal search and seizure, excessive bail, lack of federal jurisdiction, and a complete miscarriage of justice. <u>Id.</u> at Dkt. No. 48-1. As relief, Petitioner requested "unconditional discharge with prejudice against retrial" among other remedies. <u>Id.</u> at Dkt. No. 48.

    2. On May 17, 2019, the sentencing court denied Pepke's § 2255 motion to vacate, and adopted the Report and Recommendation ("R&R") of the Magistrate Judge (<u>Id.</u> at Dkt. No. 69), which found that several of Pepke's § 2255 claims were precluded from consideration due to Pepke's failure to raise the issues on appeal. <u>Id.</u> at Dkt. No. 69 at 4. The Magistrate Judge analyzed the remaining claims, finding each failed to rise to support vacatur of Pepke's conviction or sentence under § 2255. <u>Id.</u> at 5–11.

    3. The Fourth Circuit dismissed Pepke's appeal holding that Pepke had not made the requisite showing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. <u>Pepke</u>, 785 F. App'x at 157

    4. On January 4, 2021, Pepke filed his initial Petition for a Writ of Habeas Corpus with this Court [Dkt. No. 1], that raised the same claims alleged in his § 2255 motion, which had already been denied by his sentencing court and the Fourth Circuit dismissed his appeal.

    5. On July 6, 2021, Pepke was granted leave to file an amended petition, and the amended petition and the accompanying supplemental memorandum was served on the respondent. [Dkt. Nos. 18, 19, 20]. The amended petition alleges that FCI Petersburg officials and the Federal Public Defender's Office in Raleigh North Carolina committed "[m]ultiple instances of denial of access to the courts, ineffective assistance of counsel, both AFTER sentencing." [Dkt. No. 18 at 2]. Specifically, that staff at FCI Petersburg denied him calls with his attorney, access to his legal documents and the law library, caused him cellulitis, charged him higher rates for postage, and refused to make copies for him. [Dkt. No. 19 at 2–5].

7. Pepke's current release date is March 14, 2022. [Dkt. No. 21 at 2]. Pepke seeks discharge from custody "unless the clock is turned back to before the first constitutional violation." [Dkt. No. 18 at 8].

### III. Standard of Review

Respondent has moved to dismiss the § 2241 petition for lack of jurisdiction, as well as for failure to state a claim upon which relief can be granted. Respondent, pursuant to Rule 12(b)(1), moves to dismiss the petition and argues that the petition "fails to allege facts upon which subject matter jurisdiction can be based," and acknowledges that therefore the facts alleged in the petition are assumed to be true and the petitioner, "in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." [Dkt. No. 21 at 6] (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). In accordance with the Rule 12(b)(6) Motion to Dismiss standard, the Court must accept the well-pleaded factual allegations in the petition as true and draw all reasonable inferences in favor of Pepke. Kensington Volunteer Fire Dep't v. Montgomery Cty., Md., 684 F.3d 462, 467 (4th Cir. 2012) ("[A] court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" (citation omitted). Accordingly, the petition will be considered under the Rule 12(b)(6) standard.

Respondent's jurisdictional argument notes that a habeas petition challenging the validity of federal convictions must be made by filing a § 2255 motion to vacate the convictions. See In re Vial, 115 F.3d 1192, 1194 & n.5 (4th Cir. 1997) (en banc); Posey v. Dewalt, 86 F. Supp. 2d 565, 572 (E.D. Va. 1999) ("A federal inmate is required to assert collateral attacks challenging the validity of his federal judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255."). Importantly, a § 2255 motion to vacate must be brought in the court that imposed the sentence. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (noting that Congress enacted § 2255 to "'channel[] collateral attacks by federal prisoners to the sentencing court

5

(rather than to the court in the district of confinement)'" (citations omitted). A petition for writ of habeas corpus under 28 U.S.C. § 2241 is limited in scope and available only for a challenge to the manner in which the sentence is executed, and it is brought in the custodial court. Preiser v. Rodriguez, 411 U.S. 475, 488 (1973); Provenzale v. United States, 388 F. App'x 285, 286 (4th Cir. 2010) (a federal prisoner "who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, with § 2241 petitions reserved for challenges to the execution of the prisoner's sentence."); accord Vial, 115 F.3d at 1194, n.5. Further, "[i]t is settled that habeas claims must challenge in some way the fact or duration of the prisoner's confinement" where a challenge to the "conditions of confinement … must be brought as a civil rights action." Martinez v. Brooks, No. 03-1021, 2004 U.S. Dist. LEXIS 32472, at *7 (E.D. Va. July 26, 2004) (citing Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1993) and Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978)), aff'd, 117 F. App'x 891 (4th Cir. 2004).[4] A petition under § 2255 provides the primary means for a prisoner to collaterally attack his federal conviction and sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

> As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. It is only when "§ 2255 proves inadequate or ineffective to test the legality of detention," that a federal prisoner may pursue habeas relief under § 2241. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because ... an individual is procedurally barred from filing a § 2255 motion."

---

[4] The Fourth Circuit has consistently concluded that most conditions of confinement claims are not cognizable in habeas proceedings. See Rodriguez v. Ratledge, 715 F. App'x 261, 265-66 (4th Cir. 2017) ("[C]ourts have generally held that a § 1983 suit or a Bivens action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not."); Braddy v. Wilson, 580 F. App'x 172 (4th Cir. 2014) (dismissing a § 2241 habeas petition alleging a condition of confinement claim as improperly brought under § 2241); Todd, 712 F.2d at 73 ("The principle to be deduced from Preiser ... appears to be that when the claim relat[es] to [conditions of confinement] ... the suit [must be] a § 1983 action."); see also Muhammad v. Close, 540 U.S. 749, 750 (2004) (explaining that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

Rice, 617 F.3d at 807 (citation omitted).⁵ Finally, "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion," Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000), and must be filed in the sentencing court." Id. at 451.⁶

---

⁵ The Fourth Circuit held that § 2255 is inadequate and ineffective only if a petitioner satisfies a three-part test. A § 2241 petition may be utilized when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. The second part of the test is generally determinative because, under Jones, "a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." Rice, 617 F.3d at 807. Rice went further, holding that if "the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction." Id. Pepke does not argue his § 2241 petition falls within the three-part test, and even if he did there is no new substantive law at issue.

⁶ Pepke cites to two Fourth Circuit cases that he argues authorizes this Court to consider a challenge to his confinement via a § 2241 petition: McNair v. McCune, 527 F.2d 874 (4th Cir. 1975); see Varela v. Whalen, 946 F.2d 888 (4th Cir. 1991) (table). As the Fourth Circuit recently noted, however, each implicates habeas jurisdiction because each involved prison disciplinary hearings.

> We have previously found that federal habeas jurisdiction exists to review "the complaint of a federal prisoner who is challenging not the validity of his original conviction, but *the imposition of segregated confinement without elementary procedural due process and without just cause.*" McNair v. McCune, 527 F.2d 874, 875 (4th Cir. 1975); see Varela v. Whalen, 946 F.2d 888, 888 (4th Cir. 1991) (table) ("Varela's first two *claims, alleging that he was convicted of disciplinary infractions without just cause and placed in segregation,* raise a McNair issue.... This allegation is sufficient to invoke jurisdiction under § 2241.").

Farabee v. Clarke, 967 F.3d 380, 395 (4th Cir. 2020) (emphasis added). While the Fourth Circuit has observed that it has never addressed "whether a claim that unquestionably falls outside the 'core' of habeas can nonetheless be brought in a habeas petition" it has consistently held "that conditions-of-confinement claims are not cognizable in habeas proceedings." Wilborn v. Mansukhani, 795 F. App'x 157, 164 (4th Cir. 2019) (citing Rodriguez, 715 F. App'x at 265-66; Braddy, 580 F. App'x at 173)). The Fourth Circuit's consistency continued last year when it affirmed a dismissal by a district court that had held that § 2241 was only available for "certain claims that touch on conditions of confinement … when the claims imposed what has been described as 'quantum change[s] in the level of custody' without due process and just cause." Sandlain v. Rickard, No. 1:19-00025, 2019 U.S. Dist. LEXIS 164014, *6 (S.D.W. Va. Sept. 25, 2019), aff'd, 801 F. App'x 202 (4th Cir. 2020). Justice Scalia noted with approval the "quantum change in the level of custody" concept as a distinguishing feature between when habeas was appropriate in Wilkinson v. Dotson, 544 U.S. 86 (2005) (Scalia, J., concurring).

> It is one thing to say that permissible habeas relief, as our cases interpret the statute, includes ordering a "quantum change in the level of custody," Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) (Posner, J.), such as release from incarceration to parole. It is quite another to say that the habeas statute authorizes federal courts to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody.

7

Here, Pepke's two claims are related in that his allegations of denial of access to the courts is related to his allegation that he was denied effective assistance of counsel during his post-sentencing time period when he desired to purse a direct appeal. The relief Pepke seeks is to be released from his confinement "unless the criminal process is turned back to the time before the first constitutional violation." [Dkt. 18 at 8]. His requested relief would necessarily require that his conviction and sentence[7] be vacated, which must be a matter raised in the sentencing court and not this Court, his custodial court at the time he filed his § 2241 petition.

*A. Access to the Courts*

An "access to the courts claim does not lie at the core of habeas and, thus, is not cognizable under § 2241." Jupiter v. Warden, 237 F. App'x 726, 728 (3rd Cir. 2007) (affirming dismissal without prejudice of a § 2241 petition by a district court of a claim that alleged prison officials "intentionally or negligently failed to provide his legal materials to him and thereby prevented him from proceeding with the case") (citing Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002)); Williams v. Pearce, 539 F. App'x 324 (5th Cir. 2013) (affirming district court's dismissal without prejudice of a petitioner's § 2241 petition alleging denial of access to the courts claim, which was not cognizable in a § 2241 petition); Allen v. Lamanna, 13 F. App'x 308, 311 (6th Cir. 2001) (an access to the courts claim "may not be brought under 28 U.S.C. § 2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement").

---

Wilkinson, 544 U.S. at 86. The Court will adhere to the consistency of the Fourth Circuit's jurisprudence, even if unpublished, which focuses on the traditional aspect of habeas as a challenge to custody.

[7] The constitutional violations Pepke is attempting to pursue involve allegations of illegal search and seizure and other matters that occurred prior to indictment or during his plea proceedings. See supra at 2-3.

8

Moreover, even assuming a § 2241 was a proper vehicle for a denial of access to the courts claim, to state a viable denial of access to the courts claim, Pepke must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging the prisoner's sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); see also Christopher v. Harbury, 536 U.S. 403, 415 (2002) ("[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Here, Pepke has not set forth what cause of action or claim he has lost, which means he has not stated a viable claim that he was denied access to the courts. The record establishes that other than the claim of ineffective assistance of counsel claim he raised in his Anders brief, the Fourth Circuit reviewed all of his claims on direct appeal and found them waived, defaulted or without merit. Pepke, 662 F. App'x at 226. In his subsequent § 2255 motion, the sentencing court found all of his claims, including his claim of actual innocence[8] and ineffective assistance of counsel claims, were without merit, waived or defaulted. The Fourth Circuit dismissed his appeal. The rulings by the sentencing court, which were upheld on appeal, render the thirteen § 2255 claims he raised not "viable." In sum, Pepke cannot state a claim upon which relief could be granted.[9]

---

[8] Pepke's actual innocence claim is premised on an image that he contends is not child pornography. The sentencing court rejected his argument noting that "[t]he Fourth Circuit fully considered the issue as to whether the *image* at issue was child pornography [and] held as follows: 'In his pro se supplemental brief, Pepke asserts that the images to which he pled guilty do not depict child pornography and that the images were 'intrastate.' This claim is belied by the record.' Pepke, 662 F. App'x at 226." Pepke, 2019 U.S. Dist. LEXIS 88467, *12 (emphasis added). Pepke's attempt to discredit the Fourth Circuit's analysis because it used the plural "images," instead of the singular "image," was rejected in the § 2255 proceedings and Pepke's appeal was dismissed. Id. This Court likewise rejects Pepke's attempt to resurrect that same argument in his reply in opposition. [Dkt. No. 22 at 3].

[9] Pepke's alleged denial of access to the courts claim presumably relies upon a claim of ineffective assistance of counsel, which simply reinforces the respondent's argument that his remedy is a § 2255 motion in the sentencing court. To the extent he may have some claim other than an ineffective assistance of counsel claim, which must be raised by a § 2255 motion in the sentencing court, he has not alleged the lost claim as required either in his amended petition or in his opposition to the motion to dismiss.

*B. Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel challenges the legality of his detention, rather than the execution of his sentence, and a habeas petitioner must proceed under 28 U.S.C. § 2255 (2012). See Herrera-Umanzor v. Smith, 671 F. App'x 121, 121 (4th Cir. 2016) (citing In re Vial, 115 F.3d at 1194 n.5) (affirming district court's dismissal without prejudice of a § 2241 petition alleging ineffective assistance of counsel). In sum, neither of Pepke's claims provide a basis for this Court to assert jurisdiction. His access to the courts claim is beyond the scope of § 2241, and an ineffective assistance of counsel claim must be brought by a § 2255 motion in the sentencing court.

The present claims must be dismissed without prejudice because they are not cognizable in a § 2241 petition and, therefore, respondent's other arguments do not need to be considered.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss [Dkt. No. 21] is granted, and this petition must be dismissed without prejudice. An appropriate Order and judgment shall issue.

Entered this 17th day of Dec. 2021.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge